UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 1:15-CR-00998 |
| § | |
| ANTONIO TORRES § | |

## ORDER AND OPINION

Defendant Antonio Torres requests that the Court reduce his sentence and order his release due to his underlying medical condition that renders him susceptible to the more serious consequences of COVID. (Motion, Doc. 89) Based on the record and the applicable law, the Court concludes that Torres has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

**I**

In July 2017, the Court sentenced Torres to 240 months custody in the Bureau of Prisons and 5 years of supervised release after he pled guilty to the crime of Possession with Intent to Distribute a Quantity More Than Fifty (50) Grams, that is, Approximately 24 Kilograms of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. (Judgment, Doc. 69, 1–3)

Torres is currently serving his sentence at the Federal Correctional Institution in Jesup, Georgia. (Motion, Doc. 89, 5)

**II**

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility." *Id*. at § 3582(c)(1)(A).  In the latter scenario, the defendant need not exhaust available administrative remedies.

Torres does not attach a copy of his request to the warden at the Federal Correctional Institution in Jesup, Georgia.  He maintains that he attempted to present a request to the warden in August 2021, but the Institution would not accept it.  (Motion, Doc. 89, 2)  The Court accepts Torres's representation.  As his attempted request occurred more than thirty days before Torres filed his Motion, the Court finds that he has satisfied the requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  No applicable policy statements exist, as the Sentencing Commission has not promulgated any policy statement in response to the First Step Act, and the policy statement within Section 1B1.13 of the United States Sentencing Guidelines applies only when the Director of the Bureau of Prisons has presented a motion under Section 3582.  *See United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021).  As a result, the Court is bound only by Section 3582(c)(1)(A) and the sentencing factors in Section 3553(a).  *Id*. at 393.  The Court considers these factors to determine whether "extraordinary and compelling reasons warrant" a reduction of the defendant's sentence.

In support of his request, Torres states that he suffers from high blood pressure and diabetes.  (Motion, Doc. 89, 3)  Torres contends that these conditions render him particularly susceptible to the more serious effects of COVID-19.  (*Id*. at 2–3)

Torres fails to present any evidence of the severity of his high blood pressure or diabetes.  He has not shown that the BOP cannot take reasonable measures to protect him from contracting COVID-19, or to provide him with adequate medical care were he to contract COVID-19.  Additionally, Torres acknowledges and his medical records confirm that he is vaccinated against

COVID-19, reducing his susceptibility to the more serious consequences of COVID-19. (Medical Records, Doc. 89-1, 1)

### IV.

Based on the record before the Court, Torres has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

Accordingly, it is:

**ORDERED** that Defendant Antonio Torres's Motion Requesting Modification of Sentence Pursuant to 18 U.S.C. § 3852(c)(1)(A) (Doc. 89) is **DENIED**.

Signed on April 18, 2023.

Fernando Rodriguez, Jr.
United States District Judge